

U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

October 22, 2007

**FILED**
**OCT 2 2 2007**
**NANCY MAYER WHITTINGTON, CLERK**
**U.S. DISTRICT COURT**

Elise Haldane, Esquire
303-E Street, N.E.
Washington, D.C. 20002

**Re: United States v. Jannazzo Damone Boyd**
**Criminal No. 07-227 (ESH)**

Dear Ms. Haldane:

     This letter confirms the agreement between your client, Jannazzo Damone Boyd, and the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the government" or "this Office"). If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the plea agreement. The terms of the offer are as follows:

*Mr. Boyd's Obligations, Acknowledgments and Waivers:*

     1.    Your client, Jannazzo Damone Boyd, agrees to admit guilt and enter a plea of guilty to Count One of an Information charging him with conspiracy to distribute and possess with intent to distribute more than one kilograms of a mixture and substance containing a detectable amount of phencyclidine, in violation of Title 21, United States Code, Sections 846, 841(a)(1), 841(b)(1)(A)(ii) and 841(b)(1)(A)(iv). Your client understands that pursuant to 21 United States Code, Section 841(b)(1)(A), he "shall be imprisoned not less than 10 years and not more than life . . . ." In addition, your client is subject to a fine of not more than $4,000,000, and is subject to a term of supervised release of at least five years. In addition, your client agrees to pay a special assessment of $100 to the Clerk of the Court of the United States District Court for the District of Columbia prior to the date of sentencing. Your client further understands that the United States Sentencing Guidelines Manual ("Sentencing Guidelines") will apply to determine your client's guideline range, and that pursuant to Section 5E1.2 of the Sentencing Guidelines, the Court may also impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release, and period of probation.

*[handwritten annotations: "guideline - 34 + H → 1", "29", "120 no", "V — 140-175", "VI 151-188"]*

2.      Your client agrees and will acknowledge at the time of the plea of guilty to the criminal charges stated above that, pursuant to Section 1B1.3 of the Sentencing Guidelines, your client is accountable for 1.5 kilograms of a mixture and substance containing a detectable amount of phencyclidine, and a quantity of marijuana, all of which was recovered in a search of your client's residence at 3331 22nd Street, Apartment G, Southeast, Washington, D.C., which quantities represent the total amount involved in your client's relevant criminal conduct.

3.      Your client acknowledges and agrees that the government reserves its right to bring a civil action(s), if necessary, in any jurisdiction for the forfeiture of any of your client's assets, real or personal, that are subject to forfeiture pursuant to any federal statute. Your client also agrees that if any illegal firearms or illegal contraband were seized by any law enforcement agency from the possession of or the direct or indirect control of your client, then your client consents to the administrative forfeiture, official use and/or destruction of said firearms or contraband by any law enforcement agency involved in the seizure of these items.

4.      The government agrees that the base offense level for the crime to which your client is pleading guilty should be decreased by three levels based upon your client's acceptance of responsibility, pursuant to Section 3E1.1, provided that your client cooperates and is truthful and candid during the pre-sentence investigation, and does not attempt to obstruct justice, deceive, withhold or otherwise mislead the Court, the Probation Office or the government concerning any issue relevant to the imposition of sentence. Your client agrees not to seek any decreases in your client's base offense level other than those which are agreed to by the government in this paragraph. Your client further agrees not to seek a downward departure for any reason from the otherwise applicable guideline range established by the Sentencing Guidelines. Your client understands and acknowledges that the position of the government with respect to your client's base offense level, like any other recommendation made by the United States Attorney's Office at the time of sentencing, is not binding on the Probation Office or the Court, neither of which are parties to this agreement

5.      Your client and the government agree that a sentence of 120 months is the appropriate sentence for the offense to which your client is pleading guilty. This agreement does not limit the fine or period of supervised release that the Court may impose in this case; the maximum fine and period of supervised release, which are subject to the statutory limitations, are detailed in paragraph (1) of this plea agreement. Your client understands that the sentence in this case will be imposed in accordance with the *United States Sentencing Commission's Guidelines Manual*. Your client further understands that in most cases the sentence to be imposed is a matter solely within the discretion of the Court. Your client acknowledges and agrees that the sentence in this case will be imposed pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure and § 6B1.1(c) of the Sentencing Guidelines. Specifically, Rule 11(c)(1)(C) of the Federal Rules of Criminal

Procedure provides that "[t]he attorney for the government will: . . . agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement or sentencing factor does or does not apply (such a recommendation or request binds the court once the court accepts the plea agreement)." Your client agrees that the appropriate sentence upon your client's plea of guilty as agreed in paragraph one of this agreement is a sentence of 120 months imprisonment without possibility of parole and that it is within the Court's discretion to order a fine that is sufficient to pay the federal government the costs of his imprisonment. Your client further agrees that if, pursuant to Rule 11(c)(5) of the Federal Rules of Criminal Procedure, the Court determines to reject the plea agreement of the parties as set out in this agreement, then the parties will return to the *status quo ante*, that is, the government will be free to bring any and all charges against your client and this agreement and all of its provisions and the plea it contemplates will be null and void.

6.     Your client agrees not to object to the Government's recommendation to the Court at the time of the plea of guilty in this case that, pursuant to 18 U.S.C. § 3143, your client be detained without bond pending your client's sentencing in this case.

7.     In entering this plea of guilty, your client understands and agrees to waive certain rights afforded to your client by the Constitution of the United States and/or by statute. In particular, your client knowingly and voluntarily waives or gives up his right against self-incrimination with respect to the offense(s) to which your client is pleading guilty before the Court which accepts your client's plea. Your client also understands that by pleading guilty your client is waiving or giving up your client's right to be tried by a jury or by a judge sitting without a jury, the right to be assisted by an attorney at trial and the right to confront and cross-examine witnesses.

8.     Your client understands that the sentence with respect to Count One of the Information in this case will be imposed in accordance with the *United States Sentencing Commission's Guidelines Manual*. Your client further understands that the sentence to be imposed is a matter solely within the discretion of the Court. While retaining his rights pursuant to Rule 11(c)(5) as modified by paragraph 5, *supra*, your client acknowledges that the Court is not obligated to follow any recommendation of the Government at the time of sentencing.

9.     Your client understands that this Office reserves its full right of allocution for purposes of sentencing in this matter. In particular, the United States reserves its right to recommend the specific period of incarceration set out in this agreement and fine and costs up to the maximum allowed by law. In addition, to the extent that in this plea agreement the government has agreed to recommend or refrain from recommending to the Court a particular resolution of any sentencing issue, the Government reserves its right to full allocution in any post-sentence litigation in order to defend the Court's ultimate decision on such issues. Your client further understands that the Government retains its full right of allocution in connection with any post-sentence motion which

may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. In addition, your client acknowledges that the government is not obligated and does not intend to file any downward departure sentencing motion under Section 5K1.1 of the Sentencing Guidelines or any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

10. In entering this plea of guilty, your client understands and agrees to waive certain rights afforded to your client by the Constitution of the United States and/or by statute, including: the right against self-incrimination with respect to the offense(s) to which your client is pleading guilty; the right to an indictment; the right to be tried by a jury, or by a judge sitting without a jury; the right to be assisted by an attorney at trial; and the right to confront and cross-examine witnesses. Moreover, your client waives any right he may have for a jury to determine any and all facts relevant to the application of any Sentencing Guidelines provisions. In addition, to the extent they are not otherwise agreed to by the parties in this agreement or accompanying proffer of evidence, your client consents to a determination of any and all facts relevant to the application of any Sentencing Guideline provision and the application of any and all Sentencing Guidelines factors by the United States District Judge. Your client further agrees that the District Judge should make any Sentencing Guidelines determinations using the preponderance of the evidence standard.

*The Government's Obligations, Acknowledgments and Waivers:*

11. This Office will bring no further charges in connection with your client's narcotics trafficking prior to June 21, 2007. However, the United States expressly reserves its right to prosecute your client for any crime of violence, as defined in 18 United States Code, § 16 and/or 22 District of Columbia Code, § 4501, if in fact your client committed or commits such a crime of violence prior to or after the execution of this agreement and to utilize evidence of all your client's narcotics trafficking activity as it is relevant to any charge of a crime of violence.

*General Conditions:*

12. This letter sets forth the entire understanding between the parties and constitutes the complete plea agreement between your client and the United States Attorney's Office for the District of Columbia. This agreement supersedes all prior understandings, promises, agreements, or conditions, if any, between this Office and your client.

13. This agreement only binds the United States Attorney's Office for the District of Columbia. It does not bind any other United States Attorney's Office or any other office or agency of the United States government, including, but not limited to, the Tax Division of the United States Department of Justice, the Internal Revenue Service of the United States Department of the Treasury; or any state or local prosecutor. These individuals and agencies remain free to prosecute your client for any offense(s) committed within their respective jurisdictions.

      14.     There are no other agreements, promises, understandings or undertakings between your client and this Office. Your client understands and acknowledges that there can be no valid addition or alteration to this agreement unless the modification is made on the record in open Court or made in a writing signed by all of the parties.

          Sincerely yours,

          JEFFREY A. TAYLOR
          UNITED STATES ATTORNEY


BY: _____
      WILLIAM J. O'MALLEY, JR.
      Assistant United States Attorney


_____
ANTHONY SCARPELLI
Assistant United States Attorney


_____
JOHN K. HAN
Assistant United States Attorney

*Defendant's Acceptance*

I have read each of the six (6) pages constituting this plea agreement and have discussed it with my attorney, A.J. Kramer, Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound and having had an opportunity to review the evidence against me. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 10-22-07                                        *[signature]*
                                                      JANNAZZO DAMONE BOYD
                                                      Defendant


*Attorney's Acknowledgment*

I have read each of the six (6) pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely sets forth the entire plea agreement. I have reviewed with my client much of the evidence available to the United States and I concur in my client's desire to plead guilty ~~and cooperate with the government~~ as set forth in this agreement.

*[initials] J.B.*

Date: 10.22.07                                        *A.J. Kramer*
                                                      A.J. KRAMER, Chief
                                                      Federal Public Defenders Office
                                                      Attorney for the Defendant